MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ARTURO CONTRERAS CORONA, *individually and on behalf of others similarly situated,*

       *Plaintiff,*

   -against-

BTA BUILDING & DEVELOPING INC. (D/B/A BTA BUILDING & DEVELOPING), RUBIN DEVELOPMENT AND CONSTRUCTION, INC. (D/B/A RUBIN DEVELOPMENT AND CONSTRUCTION), JOSEPH RUBIN, AND BILLIE DOE,

       *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Arturo Contreras Corona ("Plaintiff Contreras Corona" or "Mr. Contreras Corona"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against BTA Building & Developing Inc. (d/b/a BTA Building & Developing), Rubin Development and Construction, Inc. (d/b/a Rubin Development and Construction), ("Defendant Corporations"), Joseph Rubin and Billie Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

- 2 -

## NATURE OF ACTION

1. Plaintiff Contreras Corona is a former employee of Defendants BTA Building & Developing Inc. (d/b/a BTA Building & Developing), Rubin Development and Construction, Inc. (d/b/a Rubin Development and Construction), Joseph Rubin, and Billie Doe.

2. Defendants own, operate, or control a construction company, located at 3021 Avenue J, Brooklyn, NY 11210 under the name Rubin Development & Construction (formerly doing business as BTA Building & Developing).

3. Upon information and belief, individual Defendants Joseph Rubin and Billie Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Contreras Corona was employed as a carpenter at the construction corporation located at 3021 Avenue J, Brooklyn, NY 11210.

5. At all times relevant to this Complaint, Plaintiff Contreras Corona worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Contreras Corona appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Contreras Corona to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Contreras Corona and other employees to work in excess of forty (40) hours

per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff Contreras Corona now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Contreras Corona seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Contreras Corona's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Contreras Corona was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Arturo Contreras Corona ("Plaintiff Contreras Corona" or "Mr. Contreras Corona") is an adult individual residing in Kings County, New York.

14. Plaintiff Contreras Corona was employed by Defendants at Rubin Development & Construction (formerly doing business as BTA Building & Developing) from approximately June 2011 until on or about July 15, 2018.

15. Plaintiff Contreras Corona consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a construction company, located at 3021 Avenue J, Brooklyn, NY 11210 under the name Rubin Development & Construction (formerly doing business as BTA Building & Developing).

17. Upon information and belief, BTA Building & Developing Inc. (d/b/a BTA Building & Developing) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3021 Avenue J, Brooklyn, NY 11210.

18. Upon information and belief, Rubin Development and Construction, Inc. (d/b/a Rubin Development and Construction) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3021 Avenue J, Brooklyn, New York, 11210.

19. Defendant Joseph Rubin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Rubin is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Joseph Rubin possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the

wages and compensation of the employees of Defendants, including Plaintiff Contreras Corona, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Billie Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Billie Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Billie Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Contreras Corona, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operate a construction company located in the Midwood neighborhood in Brooklyn.

22. Individual Defendants, Joseph Rubin and Billie Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Contreras Corona's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Contreras Corona, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Contreras Corona (and all similarly situated employees) and are Plaintiff Contreras Corona's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Contreras Corona and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Joseph Rubin operates Defendant Corporations as either alter egos of himself and/or failed to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f) intermingling assets and debts of his own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Contreras Corona's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Contreras Corona, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Contreras Corona's services.

29. In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Contreras Corona is a former employee of Defendants who was employed as a carpenter. Plaintiff Contreras Corona seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Contreras Corona*

32. Plaintiff Contreras Corona was employed by Defendants from approximately June 2011 until on or about July 15, 2018.

33. Defendants employed Plaintiff Contreras Corona as a carpenter.

34. Plaintiff Contreras Corona regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

35. Plaintiff Contreras Corona's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Contreras Corona regularly worked in excess of 40 hours per week.

37. From approximately July 2012 until on or about June 2014, Plaintiff Contreras Corona worked from approximately 7:00 a.m. until on or about 7:00 p.m., Mondays through Thursdays, from approximately 7:00 a.m. until on or about 4:00 p.m., Fridays, and from approximately 8:00 a.m. until on or about 4:00 p.m., Sundays (typically 65 hours per week).

38. From approximately June 2014 until on or about July 15, 2018, Plaintiff Contreras Corona worked from approximately 7:00 a.m. until on or about 6:00 p.m., Mondays through Thursdays, from approximately 7:00 a.m. until on or about 4:00 p.m., Fridays, and from approximately 8:00 a.m. until on or about 4:00 p.m., Sundays (typically 61 hours per week).

39. From approximately July 2012 until on or about June 2014, Defendants paid Plaintiff Contreras Corona his wages in cash.

40. From approximately June 2014 until on or about July 15, 2018, Defendants paid Plaintiff Contreras Corona his wages in a combination of check and cash. For example, Defendants paid Plaintiff Contreras Corona approximately $500 in cash and the remaining salary in checks.

41. From approximately July 2012 until on or about June 2016, Defendants paid Plaintiff Contreras Corona $16.00 per hour.

42. From approximately June 2016 until on or about July 15, 2018, Defendants paid Plaintiff Contreras Corona $17.00 per hour.

43. Plaintiff Contreras Corona's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. For example, Defendants required Plaintiff Contreras Corona to work an additional 2 hours past his scheduled departure time once a week every three weeks, and did not pay him for the additional time he worked.

45. Plaintiff Contreras Corona was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Contreras Corona regarding overtime and wages under the FLSA and NYLL.

47. Defendants did not provide Plaintiff Contreras Corona an accurate statement of wages, as required by NYLL 195(3).

48. In fact, Defendants adjusted Plaintiff Contreras Corona's paystubs so that they reflected inaccurate wages and hours worked.

49. Defendants did not give any notice to Plaintiff Contreras Corona, in English and in Spanish (Plaintiff Contreras Corona's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Contreras Corona (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51. Plaintiff Contreras Corona was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants habitually required Plaintiff Contreras Corona to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

53. Defendants' time keeping system did not reflect the actual hours that Plaintiff Contreras Corona worked.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Defendants paid Plaintiff Contreras Corona his wages either in cash or in a combination of check and cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Contreras Corona (and similarly situated individuals) worked, and to avoid paying Plaintiff Contreras Corona properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Contreras Corona and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Contreras Corona and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number

of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Contreras Corona and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62. Plaintiff Contreras Corona brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Contreras Corona and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at

a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

64. The claims of Plaintiff Contreras Corona stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. Plaintiff Contreras Corona repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Contreras Corona's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Contreras Corona (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

69. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Contreras Corona (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70. Defendants' failure to pay Plaintiff Contreras Corona (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Contreras Corona (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

72. Plaintiff Contreras Corona repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Contreras Corona overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Contreras Corona overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Contreras Corona was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

76. Plaintiff Contreras Corona repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants failed to provide Plaintiff Contreras Corona with a written notice, in English and in Spanish (Plaintiff Contreras Corona's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78. Defendants are liable to Plaintiff Contreras Corona in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

79. Plaintiff Contreras Corona repeats and realleges all paragraphs above as though fully set forth herein.

80. With each payment of wages, Defendants failed to provide Plaintiff Contreras Corona with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81. Defendants are liable to Plaintiff Contreras Corona in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Contreras Corona respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Contreras Corona and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Contreras Corona's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Contreras Corona and the FLSA Class members;

(e) Awarding Plaintiff Contreras Corona and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Contreras Corona and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (g)  Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Contreras Corona;

  (h)  Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Contreras Corona's compensation, hours, wages and any deductions or credits taken against wages;

  (i)  Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Contreras Corona;

  (j)  Awarding Plaintiff Contreras Corona damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

  (k)  Awarding Plaintiff Contreras Corona damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (l)  Awarding Plaintiff Contreras Corona liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

  (m)  Awarding Plaintiff Contreras Corona and the FLSA Class members pre-judgment and post-judgment interest as applicable;

  (n)  Awarding Plaintiff Contreras Corona and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

  (o)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (p)  All such other and further relief as the Court deems just and proper.

- 17 -

## **JURY DEMAND**

Plaintiff Contreras Corona demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 27, 2018

                                                  MICHAEL FAILLACE & ASSOCIATES, P.C.

                          By:       /s/ Michael Faillace
                                                Michael Faillace [MF-8436]
                                                60 East 42nd Street, Suite 4510
                                                New York, New York 10165
                                                Telephone: (212) 317-1200
                                                Facsimile: (212) 317-1620
                                                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 23, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:               Arturo Contreras Corona

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:             _[signature]_

Date / Fecha:                 23 de julio de 2018

*Certified as a minority-owned business in the State of New York*