UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ARTURO CONTRERAS CORONA,            Case No. 18-cv-04283(DLI)(SJB)
*individually and on behalf of others similarly situated*,

             Plaintiff,

       -against-                            **ANSWER TO COMPLAINT**

BTA BUILDING & DEVELOPING INC.
(D/B/A BTA BUILDING & DEVELOPING),
RUBIN DEVELOPMENT AND
CONSTRUCTION, INC. (D/B/A RUBIN
DEVELOPMENT AND CONSTRUCTION),
JOSEPH RUBIN, AND BILLIE DOE,

            Defendants.

-------------------------------------------------------X

       Defendants BTA Building & Developing Inc. (d/b/a BTA Building & Developing), Rubin Development and Construction, Inc. (d/b/a Rubin Development and Construction), and Joseph Rubin (collectively, "Defendants"),[1] by their attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Answer to the Complaint filed by Arturo Contreras Corona ("Corona"), individually and on behalf of others similarly situated (collectively, "Plaintiffs") on or about July 27, 2018 (the "Complaint") respond as follows:

---

[1] Defendants deny knowledge or information regarding the identity of one "Billie Doe" and therefore deny knowledge or information regarding the truth of the allegations set forth in any paragraph of the Complaint as they relate to "Billie Doe."

## NATURE OF THE ACTION

1. Defendants deny the allegations set forth in Paragraph "1" of the Complaint except admit BTA Building & Developing Inc. ("BTA Building") employed Plaintiff Corona until in or around February 2013 and further admit Rubin Development and Construction, Inc. ("RDC") employed Plaintiff Corona from in or around February 2013 through his termination.

2. Defendants deny Paragraph "2" of the Complaint except admit Defendant BTA Building maintained an office located at 3021 Avenue J, Brooklyn, New York 11210 until in or around February 2013, and further admit Defendant RDC maintains an office located at 3021 Avenue J, Brooklyn, New York 11210 from in or around February 2013 through the present.

3. Paragraph "3" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint except admit BTA Building employed Plaintiff Corona until in or around February 2013 and further admit RDC employed Plaintiff Corona from in or around February 2013 through his termination.

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint.

6. Defendants deny the allegations set forth in Paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in Paragraph "7" of the Complaint.

8. Defendants deny the allegations set forth in Paragraph "8" of the Complaint.

9. Paragraph "9" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "9" of the Complaint, except admit Plaintiff Corona purports to proceed as alleged therein.

10. Paragraph "10" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except admit Plaintiff Corona purports to proceed as alleged therein.

## JURISDICTION AND VENUE

11. Paragraph "11" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants admit Plaintiff Corona purports to invoke this Court's subject matter jurisdiction, but explicitly denies Plaintiff Corona has pleaded a claim upon which relief can be granted, deny further this Court should exercise pendent, supplemental or other jurisdiction over any purported non-federal claims, and deny further all other allegations set forth in Paragraph "11" of the Complaint.

12. Paragraph "12" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants admit Plaintiff Corona purports to establish that venue may be proper in this district, but otherwise deny that 28 U.S.C. §1391 alone governs the basis for proper venue, and further deny all other allegations set forth in Paragraph "12" of the Complaint.

## THE PARTIES

*Plaintiff*

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "13" of the Complaint.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "15" of the Complaint, except admit Plaintiff Corona purports to proceed as alleged therein.

*Defendants*

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint except admit Defendant BTA Building operated a construction company with an office located at 3021 Avenue J, Brooklyn, New York 11210 until in or around February 2013 and further admit Defendant RDC operated a construction company with an office located at 3021 Avenue J, Brooklyn, New York 11210 from in or around February 2013 through the present.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint except admit Defendant BTA Building is authorized to do business in New York.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint except admit Defendant RDC is authorized to do business in New York.

19. Paragraph "19" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "20" of the Complaint.

**FACTUAL ALLEGATIONS**

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "21" of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "22" of the Complaint except admit Defendant Joseph Rubin possesses an ownership interest in BTA Building and RDC.

23. Paragraph "23" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

25. Paragraph "25" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in Paragraph "26" of the Complaint.

27. Paragraph "27" of the Complaint, and its subsections "(a)" – "(h)", assert a legal conclusion which require no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "27" of the Complaint and its subsections "(a)" – "(h)".

28. Paragraph "28" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29. Paragraph "29" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "29" of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "30" of the Complaint.

*Individual Plaintiff*

31. Defendants deny the allegations set forth in Paragraph "31" of the Complaint except admit Plaintiff Corona is a former employee of Defendant BTA Building and Defendant RDC, and further admit Plaintiff Corona purports to proceed as alleged therein.

*Plaintiff Arturo Contreras Corona*

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint except admit Plaintiff Corona performed work services for Defendant BTA Building until in or around February 2013, and performed work services for Defendant RDC from in or around February 2013 through his termination.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint except admit Defendant BTA Building employed Plaintiff Corona until in or around February 2013 and further admit Defendant RDC employed Plaintiff Corona from in or around February 2013 until his termination.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Paragraph "47" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. Paragraph "49" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

*Defendants' General Employment Practices*

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Paragraph "51" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Paragraph "59" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Paragraph "60" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Paragraph "61" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

62. Paragraph "62" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "62" of the Complaint, except admit Plaintiff Corona purports to proceed as alleged therein.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in Paragraphs "1" through "64" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "65" of the Complaint.

66. Paragraph "66" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "66" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

67. Paragraph "67" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68. Paragraph "68" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "68" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

69. Paragraph "69" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "69" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

70. Paragraph "70" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "70" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

71. Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

72. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "71" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "72" of the Complaint.

73. Paragraph "73" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "73" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

74. Paragraph "74" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "74" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

75. Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

76. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "75" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "76" of the Complaint.

77. Paragraph "77" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in

Paragraph "77" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

78. Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS FO THE NEW YORK LABOR LAW

79. Defendants repeat and incorporate by reference all denials, admissions, and other responses to the allegations contained in paragraphs "1" through "78" of the Complaint, as if said statements were repeated herein at length in response to Paragraph "79" of the Complaint.

80. Paragraph "80" of the Complaint asserts a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "80" of the Complaint and respectfully refers the Court to the statutory authority cited therein for their full meaning and effect.

81. Defendants deny the allegations set forth in Paragraph "81" of the Complaint.

## "PRAYER FOR RELIEF"

82. The "PRAYER FOR RELIEF" clause, including subsections "(a)" – "(p)", state a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

## JURY DEMAND

83. Defendants admit that Plaintiff Corona demands a jury trial, but denies that Plaintiff Corona or any putative plaintiff have stated a claim for relief upon which a jury trial should be held and otherwise deny all allegations in Plaintiff Corona's "Jury Demand" clause of the Complaint.

## ADDITIONAL AVERMENTS

84. Defendants deny all claims and allegations not unequivocally admitted herein.

\* \* \* \*

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By way of further Answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted as a matter of fact and law.

### AS AND FOR A SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitation and/or administrative filing periods.

### AS AND FOR A THIRD DEFENSE

The Complaint is barred, in whole or in party, by the doctrines of laches, estoppel, and/or unclean hands.

### AS AND FOR A FOURTH DEFENSE

The Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, punitive damages, exemplary damages or attorneys' fees may be awarded.

## AS AND FOR A FIFTH DEFENSE

To the extent Plaintiffs were subject to the overtime and wage-hour provisions of the FLSA, the NYLL, or any other equivalent federal or New York State law, Plaintiffs were paid properly under all applicable wage and hour laws.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs cannot establish a willful violation under the FLSA or NYLL.

## AS AND FOR A SEVENTH DEFENSE

Any acts or omission on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such acts or omissions were not in violation of the FLSA, NYLL or any other applicable federal, state or local laws, rules, regulations, statutes, ordinances or guidelines, and thus Plaintiffs cannot recover any damages in this matter, including but not limited to liquidated damages.

## AS AND FOR AN EIGHTH DEFENSE

Defendant BTA Building was not, and is not, an "employer" of Plaintiff Corona or any other putative plaintiff or incumbent or former employee relevant herein within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance during the period of in or around February 2013 through the present alleged in the Complaint and, as such, all claims as against Defendant BTA Building for that time period should be dismissed.

## AS AND FOR A NINTH DEFENSE

Defendant RDC was not, and is not, an "employer" of Plaintiff Corona or any other putative plaintiff or incumbent or former employee relevant herein within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance prior to the

period of in or around February 2013 alleged in the Complaint and, as such, all claims as against Defendant RDC for that time period should be dismissed.

## AS AND FOR A TENTH DEFENSE

Defendant Joseph Rubin is not, and was not, an "employer" of Plaintiff Corona or any other putative plaintiff or incumbent or former employee relevant herein within the meaning of the FLSA or NYLL or any other relevant federal or state law, regulation or ordinance during the periods alleged in the Complaint and, as such, all claims as against Defendant Joseph Rubin should be dismissed.

## AS AND FOR AN ELEVENTH DEFENSE

Even if Defendants have, in fact, failed to pay Plaintiffs for any of the activities alleged in Plaintiff Corona's Complaint, such activities do not constitute compensable work under the FLSA or NYLL and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of purported employment and are not compensable.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as he has an adequate remedy at law.

## AS AND FOR A FOURTEENTH DEFENSE

To the extent discovery reveals Plaintiffs falsely reported their hours of purported work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of hours, and to the extent Defendants employed Plaintiffs, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

**AS AND FOR A FIFTEENTH DEFENSE**

To extent Plaintiffs seek compensation for any purported "travel time," such purported "travel time" does not constitute compensable work pursuant to the FLSA, the NYLL, pursuant to the Employee Commuting Flexibility Act (ECFA), and/or any other applicable law, statute, regulation or ordinance.

**AS AND FOR A SIXTEENTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of payment, tender, discharge, waiver or abandonment.

**AS AND FOR A SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent no private right of action exists to enforce one or more statutes and/or regulations cited by the Plaintiffs.

**AS AND FOR A EIGHTEENTH DEFENSE**

Pendent or other jurisdiction should not be exercised over any of Plaintiffs' claims brought pursuant to the NYLL or any other state law, statute, regulation or ordinance.

**AS AND FOR AN NINETEENTH DEFENSE**

Plaintiffs' claims are barred by one or more statutory exemptions set forth in the FLSA and NYLL and the regulations governing same.

**AS AND FOR A TWENTIETH DEFENSE**

Plaintiffs are not entitled to cumulative liquidated damages with respect to his FLSA and NYLL claims.  See, e.g., Chowdhury v. Hamza Express Food Corp., 666 Fed. Appx. 59, 60 (2d Cir. 2016); Inclan v. New York Hospitality Group, 95 F.Supp.3d 490 (S.D.N.Y. 2015).

**AS AND FOR A TWENTY-FIRST DEFENSE**

At no point in time did Defendants make any improper deductions from Plaintiffs' compensation, and all deductions purportedly made from Plaintiffs' compensation (if any) were in accordance with the FLSA, NYLL, or any other applicable federal, state, or local laws, rules, regulations, statutes, ordinances or guidelines.

**AS AND FOR A TWENTY-SECOND DEFENSE**

Plaintiffs' claims for "Failure to Provide Wage Statements" are barred pursuant to NYLL § 198(1-d), as Defendants made "complete and timely payment of all wages due."

**AS AND FOR A TWENTY-THIRD DEFENSE**

Plaintiffs' claims for "Failure to Provide Wage Notices" are barred pursuant to NYLL § 198(1-b), as Defendants made "complete and timely payment of all wages due."

**AS AND FOR A TWENTY-FOURTH DEFENSE**

Defendants cannot be held liable for any of Plaintiffs' claims alleged herein, as Defendants cannot be found to employ, or to have employed, Plaintiffs upon an "integrated enterprise," and/or "joint" employer theory of liability as a matter of law.

**AS AND FOR A TWENTY-FIFTH DEFENSE**

Plaintiffs may not pursue application of an "integrated enterprise" theory and/or test of "joint" employer liability in connection with Defendants' purported violations of the FLSA and/or NYLL in any event, as the Circuit Court for the Second Circuit of the United States has not certified such "integrated enterprise" theory and/or test as a viable method by which to pursue and/or impute "joint" employer liability upon Defendants as a matter of law.

**AS AND FOR A TWENTY-SIXTH DEFENSE**

To the extent Plaintiffs may pursue an "integrated enterprise" theory/test to pursue "joint" employer liability as against Defendants, which Defendants dispute, there is no "interrelated operation" as among Defendants sufficient to allow Defendants be deemed Plaintiffs' "joint" employers pursuant to an "integrated enterprise" theory of liability as a matter of law.

**AS AND FOR A TWENTY-SEVENTH DEFENSE**

To the extent Plaintiffs may pursue an "integrated enterprise" theory/test to pursue "joint" employer liability as against Defendants, which Defendants dispute, there is no "common management" as among Defendants sufficient to allow Defendants be deemed Plaintiffs' "joint" employers pursuant to an "integrated enterprise" theory of liability as a matter of law.

**AS AND FOR A TWENTY-EIGHTH DEFENSE**

To the extent Plaintiffs may pursue an "integrated enterprise" theory/test to pursue "joint" employer liability as against Defendants, which Defendants dispute, there is no "centralized control of labor relations" as among Defendants sufficient to allow Defendants be deemed Plaintiffs' "joint" employers pursuant to an "integrated enterprise" theory of liability as a matter of law.

**AS AND FOR A TWENTY-NINTH DEFENSE**

To the extent Plaintiffs may pursue an "integrated enterprise" theory/test to pursue "joint" employer liability as against Defendants, which Defendants dispute, there is no "common ownership" as among Defendants sufficient to allow Defendants be deemed Plaintiffs' "joint" employers pursuant to an "integrated enterprise" theory of liability as a matter of law.

## AS AND FOR A THIRTIETH DEFENSE

Without admitting Defendants employed Plaintiffs, Defendants: (i) did not have the power to hire and fire Plaintiffs; (ii) did not supervise and control all Plaintiffs' work schedules or conditions of employment; (iii) did not determine Plaintiffs' rate and method of payment; and (iv) did not maintain employee records. As such, Defendants cannot be deemed Plaintiffs' "joint" employers pursuant to a "formal" control theory of liability as a matter of law.

## AS AND FOR A THIRTY-FIRST DEFENSE

Without admitting Defendants employed Plaintiffs: (i) Defendants did not shift Plaintiffs from one putative employer's business premises to that of another; (ii) Defendants exercised little, if any, degree of supervision over Plaintiffs' purported work; and (iii) Plaintiffs, to the extent they worked for Defendants, worked exclusively for a single Defendant. As such, Defendants cannot be deemed Plaintiffs' "joint" employers pursuant to a "functional" control theory of liability as a matter of law.

## AS AND FOR A THIRTY-SECOND DEFENSE

Plaintiffs are not adequate representatives of the putative class or collective action.

## AS AND FOR A THIRTY-THIRD DEFENSE

The Complaint is barred, in whole or in part, and neither a class nor collective action can be certified, because Plaintiffs cannot establish they were, or are, similarly situated to potential members of the collective action for the purposes of 29 U.S.C. §216(b), or are otherwise suitable class representatives.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend its Answer during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiff's allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorney's fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Date:   Mineola, New York
         October 15, 2018

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

By: _____/s/_____
Nicholas P. Melito, Esq.
Jonathan D. Farrell, Esq.
Larry R. Martinez, Esq.
*Attorneys for Defendants BTA Building & Developing Inc. (d/b/a BTA Building & Developing), Rubin Development and Construction, Inc. (d/b/a Rubin Development and Construction), and Joseph Rubin*
190 Willis Avenue
Mineola, New York 11501
T: (516) 747-0300

To:   **MICHAEL FAILLACE & ASSOCIATES, P.C.** (*Via ECF*)
       Michael Faillace, Esq.
       Jesse Barton, Esq.
       *Attorneys for Plaintiff and the putative collective*
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       T: (212) 317-1200